# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**TIMOTHY D. ROUSE, JR.**
**a/k/a JADA CARMELLA-RAYE WISEMAN**                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 5:13CV-P92-R**

**RANDY WHITE, WARDEN**                                       **RESPONDENT**

## OPINION AND ORDER

Petitioner Timothy D. Rouse, Jr., filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. He moves for an evidentiary hearing and appointment of counsel (DN 2); a stay of the action pending resolution of a motion for discretionary review by the Kentucky Supreme Court (DN 6); and for service of the petition on Respondent (DN 8).

### *Motion for appointment of counsel*

The Court finds that the interests of justice, *see* 18 U.S.C. § 3006A,[1] do not require the appointment of counsel at the preliminary review stage. Accordingly, **IT IS ORDERED** that Petitioner's motion for appointment of counsel (DN 2) is **DENIED**.

### *Motion for evidentiary hearing*

Under Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." As the petition is before the Court on preliminary review and

---

[1] Petitioner actually seeks appointment of counsel under 42 U.S.C. § 3001(b) but that statute is the "Congressional declaration of objectives" and has nothing to do with appointment of counsel.

no answer or other records are before the Court, **IT IS ORDERED** that the motion for evidentiary hearing (DN 2) is **DENIED**.

*Review of habeas petition review, motion for stay, and motion for service*

On preliminary review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] this action will be dismissed without prejudice pending resolution of the motion for discretionary review in the Kentucky Supreme Court.

A federal court may not grant federal habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[3] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking

---

[2]Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . . the judge must order the respondent to file an answer, motion, or other response. . . ."

[3]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In the habeas petition, Petitioner is challenging Lyon Circuit Court convictions for four counts of second-degree forgery and one count of attempted escape (No. 08-CR-50). He states,

> Petitioner was final sentenced on 10-2-2009, on 10-9-2009 He filed a direct appeal[4] from that Judgement. The same day he filed his post conviction RCr 11.42 motion tolling the time limitation. Following denial of that motion in 2010 he appealed that denial.[5] The Court of Appeals consolidated both appeals and later decieded them on 2-22-2013. A motion For Discritionary Review[6] was filed on 4-24-2013 of both appeals. This petition is timely filed.

The Court takes judicial notice of the Kentucky Supreme Court's public docket sheet for No. 2013-SC-000178, which reveals that Petitioner's motion for discretionary review is still pending.[7]

Petitioner correctly states in his motion to stay that Kentucky Rule of Criminal Procedure 12.05 provides that "when [a] claim has been presented to the [appropriate] appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies for that claim." Ky. R. Crim. P. 12.05. Petitioner, however, did not file this habeas petition immediately after the Kentucky Court of Appeals issued its decision. Rather, he filed a motion for discretionary review with the Kentucky Supreme Court, and he concedes that he filed the instant § 2254 petition only because he believed the motion for discretionary review had been

---

[4]No. 2009-CA-001939.

[5]No. 2010-CA-000447.

[6]No. 2013-SC-000178.

[7]The most recent docket entry in Petitioner's Kentucky Supreme Court case reveals that on May 23, 2013, the case was ready for discretionary review and sent out for assignment. *See* http://apps.kycourts.net/supreme/sc_dockets.shtm.

3

denied.[8] Additionally, while Rule 12.05 also provides that "[i]f rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought," a review of the petition does not indicate that Petitioner sought review of less than all of the claims of error.

This Court, therefore, declines to exercise jurisdiction over this habeas petition when duplicate grounds are being considered by the Kentucky Supreme Court. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005) (stating that the doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)) (internal quotation marks omitted). Moreover, because Petitioner reports that he has timely and diligently been pursuing his state-court remedies since only days after entry of his judgment of conviction, the Court finds that the balance of the record dictates that a stay be denied and the action dismissed without

---

[8]In the motion for stay, Petitioner states:

3.) Movant recieved a response from the Attorney General requesting the motion be denied. Movant then called the Department of Public Advocacy to have them check the status of his discritionary motion. The Departments assistant told movant his motion was denied.

4.) Movant acting on the acceptions that his motion was denied, then filed this present petition. However it has come to the attention that the motion is still pending before the Supreme Court in 2013-SC-178.

(DN 5, Mot. to Stay).

prejudice for lack of exhaustion. *See, e.g.*, *Rhines*, 544 U.S. at 277 ("[S]tay and abeyance should be available only in limited circumstances.").

**IT IS THEREFORE ORDERED** that the motion for stay (DN 5) and motion for service on Respondents (DN 8) are **DENIED**.

By separate Order, the Court will deny the habeas petition without prejudice for failure to exhaust.

*Certificate of Appealability*

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a COA should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id.*

5

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. Thus, a COA will be denied.

By separate Order, the Court will dismiss the petition without prejudice and deny a COA.

Date:

cc: Petitioner, *pro se*
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005